IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |
|---|---|
| MARK BROTHERS, <br> SUBRINA BROTHERS, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. _____ |

## COMPLAINT

Plaintiffs Mark Brothers and Subrina Brothers, by and through counsel, bring this health care liability action against the Defendant United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq., and 28 U.S.C. § 1346(b)(1), and they state as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Mark Brothers is a citizen of Tennessee. Mr. Brothers timely presented an administrative tort claim pursuant to 28 U.S.C. § 2675. That claim was denied on September 12, 2025, rendering this action ripe and timely.

2. Plaintiff Subrina Brothers is a citizen of Tennessee and resides with her husband, Mr. Brothers.

3. Defendant United States of America, through its agency, the U.S. Department of Veterans Affairs ("VA"), owns and operates VA medical facilities that provided medical care to Mr. Brothers.

4. At all relevant times, VA physicians, nurse practitioners, nurses, other providers, and staff were employees of Defendant acting within the course and scope of their employment.

5. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1). Venue is proper pursuant to 28 U.S.C. § 1402(b).

**FACTS**

6. Mr. Brothers honorably served in the United States Army from 1986 to 1989 and in the Army Reserve from 1989 to 1993.

7. Mr. Brothers had significant colorectal cancer risk factors, including anemia, diabetes, tobacco use, changes in bowel habits, and a complete lack of prior colorectal screening. He also had a strong family history of gastrointestinal cancer, including a mother who died from liver cancer and an uncle who died from bile duct cancer.

8. On December 5, 2019, Mr. Brothers (age 54) saw his VA primary care provider, nurse practitioner Karen Leidy. At that visit, Mr. Brothers requested a colonoscopy. No colonoscopy was ordered.

9. On June 22, 2020, Mr. Brothers experienced bowel changes, melena, and occult blood in his stool during a VA hospitalization. Gastroenterology was consulted by Ms. Leidy. No colonoscopy was ordered.

10. VA clinical reminders repeatedly prompted colon cancer screening, yet Mr. Brothers' providers failed to act.

11. On October 22, 2023, Mr. Brothers underwent a CT scan that revealed three cancerous lung nodules.

12. On November 6, 2023, Ms. Leidy ordered a fecal immunochemical test ("FIT test"), but only after metastatic lung nodules had already been discovered.

13. A FIT test is a noninvasive screening tool designed to detect microscopic blood in a patient's stool, which may indicate colorectal cancer. A FIT test does not diagnose cancer; it identifies patients who require prompt diagnostic colonoscopy.

14. A positive FIT test is clinically significant because it reflects gastrointestinal bleeding and substantially increases the likelihood of colorectal pathology, including malignancy.

15. Despite red flags, VA clinical reminders, and repeated requests by Mr. Brothers, no colonoscopy was ordered in 2020, 2021, 2022, or early 2023.

16. On November 8, 2023, Mr. Brothers underwent a whole-body PET scan to identify additional malignancy. Hypermetabolic masses were detected in his colon.

17. On November 30, 2023, Mr. Brothers (age 58) underwent his first colonoscopy and was diagnosed with Stage IV metastatic colorectal cancer with lung metastases.

18. On November 18, 2024, Mr. Brothers underwent a colon resection at StoneCrest Medical Center to reduce symptom burden. He has endured severe pain and suffering associated with chemotherapy, bowel obstruction, foot ulceration, and an oncologic hip fracture requiring surgery. His condition is terminal.

19. Mr. Brothers' right hip is fractured.

20. On November 26, 2025, Oncologist Dr. Turcotte noted that Mr. Brothers' maximum life expectancy was 12-24 months. Mr. Brothers faces the difficult decision of more chemotherapy versus hip surgery fracture repair versus palliative care.

21. Mr. Brothers is in terrible pain. He suffers from constant nausea and vomiting, and unable to stand. Thus far, Mr. Brothers has survived longer than about 75% of patients with similar diagnosis, but his condition is rapidly deteriorating.

22. The VA Tennessee Valley Healthcare System provides care in Nashville and Murfreesboro. VA leadership has acknowledged deficiencies in Mr. Brothers' care.

23. The recognized standard of acceptable professional practice for VA providers such as Karen Leidy in Murfreesboro, Tennessee, or a similar community ("standard of care"), required ordering a diagnostic colonoscopy in December 2019 and well before November 2023.

24. VA providers, including Ms. Leidy, violated the standard of care.

25. These violations caused a delayed diagnosis, allowing a precancerous polyp or localized lesion to progress to Stage IV metastatic disease.

26. Had VA providers complied with the standard of care, Mr. Brothers' cancer would have been detected and treated at an early, curable stage, preventing penetration of the bowel wall and metastatic spread.

27. Accepted treatment for a precancerous polyp consists of polypectomy during colonoscopy. No further treatment would have been required. Mr. Brothers would have been cured.

28. Accepted treatment for Stage I or II colorectal cancer consists of surgical resection and, in some cases, a short course of adjuvant chemotherapy. Mr. Brothers would have been cured.

29. Delayed diagnosis allowed the cancer to invade surrounding tissues, spread to lymph nodes, and metastasize to the lungs, dramatically worsening prognosis, and survival.

30. Once the cancer reached Stage IV, treatment became palliative rather than curative. The delayed diagnosis deprived Mr. Brothers of a near-certain cure.

31. Defendant is vicariously liable for the negligent acts and omissions of Karen Leidy and other VA providers under the doctrine of respondeat superior.

32. Mr. Brothers suffered permanent and catastrophic injuries, including severe pain and suffering, medical expenses, and loss of enjoyment of life.

33. As a proximate result of Defendant's negligence, Mrs. Brothers has permanently lost consortium.

34. As a proximate result of Defendant's negligence, Mrs. Brothers has permanently lost domestic services, including home maintenance, yard work, heavy

lifting, household chores, transportation assistance, and other labor-intensive services. These are actual economic losses. See *Dwyer v. Southwest Airlines Co.*, 2019 WL 2025243, at *10–11 (M.D. Tenn. May 8, 2019); Tenn. Code Ann. § 29-39-101(1).

WHEREFORE, Plaintiffs demand judgment against Defendant United States of America for compensatory damages set by Court, costs, and all other relief allowed by law.

---

F. Dulin Kelly, BPR No. 04085
Clinton L. Kelly, BPR No. 16171
629 East Main Street
Hendersonville, TN 37075
Phone: (615) 800-0000
clint@kellyfirm.net

/s/ Peggy K. Leonard
Peggy K. Leonard, BPR 038240
Music City Legal
2501 Leeville Road
Mt. Juliet, TN 37122
Phone (615) 499-1000
nursepeg@yahoo.com
*Counsel for Plaintiffs*